# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BENJAMIN FOREHAND, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| vs. ) | FILE NO._____ |
| ) | |
| MATTHEW CHENOWETH, ) | |
| ) | |
| MARK DANNELLS, and ) | |
| ) | |
| THE MUSIC COLLECTIVE, LLC, ) | **JURY TRIAL DEMANDED** |
| D/B/A BOUTIQUE GUITAR EXCHANGE,) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

COMES NOW Benjamin Forehand ("Plaintiff" or "Mr. Forehand"), by and through his undersigned counsel, and hereby files this Complaint, showing the Court as follows:

### JURISDICTION, VENUE, AND PARTIES

1.

Plaintiff Benjamin Forehand is a Georgia resident and former employee of The Music Collective, LLC d/b/a Boutique Guitar Exchange, Matthew L. Chenoweth, and Mark Dannells ("Defendants"). He was an employee engaged in

1

commerce as defined by the Fair Labor Standards Act of 1938, 29 U.S.C. § 203, as amended.

2.

Defendant The Music Collective, LLC d/b/a Boutique Guitar Exchange is an "employer" within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C. § 203, as amended.

3.

Defendants Matthew Chenoweth and Mark Dannells are the managing members of The Music Collective, LLC d/b/a/ Boutique Guitar Exchange and hired, paid, and controlled the terms and conditions of Plaintiff's employment, thus making them each an "employer" within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C. § 203, as amended.

4.

Defendant The Music Collective, LLC d/b/a Boutique Guitar Exchange is a Georgia limited liability company with a principal place of business at 676 N. Highland Avenue, Suite A, Atlanta, GA 30306.  Its registered agent is Matthew Chenoweth, with a registered address of 676 N. Highland Avenue, Suite A, Atlanta, GA 30306.

5.

Defendant Matthew Chenoweth is an individual and a Georgia resident.

6.

Defendant Mark Dannells is an individual and a Georgia resident.

7.

This Court has personal jurisdiction over The Music Collective, LLC because it is incorporated in the state of Georgia and has its principal place of business in the state of Georgia.

8.

This Court has personal jurisdiction over Defendants Matthew Chenoweth and Mark Dannells because they are each a Georgia resident.

9.

This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because this civil action arises under Federal law.

10.

This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2). All of the actions alleged herein occurred within the Northern District of Georgia.

## FACTUAL BACKGROUND

11.

Defendants operate a retail store in Fulton County, Georgia, doing business as Boutique Guitar Exchange

12.

Defendants employed Plaintiff as a sales associate, starting on or about August 16, 2013 until May 3, 2014.  Defendants paid Plaintiff a semi-monthly salary of $1,104.17, although Defendants failed to pay Plaintiff anything at all during multiple weeks in which Plaintiff worked for the Defendants.

13.

Plaintiff's primary duties at Boutique Guitar Exchange comprised:

a. Unlocking the store and opening-up;

b. Logging-into the store's electronic sales and inventory tracking system and counting-in the cash drawer;

c. Answering the phone, and checking and responding to voicemail messages and emails sent to his individual email address inquiring about the store's products, including communications with persons outside of the State of Georgia;

d. Assisting walk-in customers and responding to their questions about the store's products, including products that originated outside of the State of Georgia;

e. Demonstrating the functionality of the store's products for potential customers, including products that originated outside of the State of Georgia;

f. Selling the store's products to customers, including sales of products that originated outside of the State of Georgia and sales to customers outside of the State of Georgia;

g. Cleaning the store and emptying the trash;

h. Closing the register and logging any shortages or overages in the electronic sales- and inventory-tracking system; and

i. Closing the store and locking-up.

14.

Plaintiff did not, however:

a. Have any ownership interest in the corporate entity of his employer;

b. Have management as his primary duty, nor did he actively engage in management;

c. Direct the work of any other employee;

d. Have the authority to hire or fire other employees, nor have particular weight given to his suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees;

e. Have as his primary duty the performance of office or non-manual work directly related to the management or general business operations of the store or the store's customers;

f. Have a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance; or

g. Have as his primary duty the performance of work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

15.

In addition to his duties on the store premises, Defendants Chenoweth and Dannells asked Plaintiff to use the Internet to monitor and engage in online forums, Internet groups, and Facebook groups that involved communications with persons outside of the State of Georgia about guitar products on behalf of Boutique Guitar Exchange both while on store premises and at home, including on days when

Defendants had not scheduled Plaintiff to work on store premises, for the following purposes:

a. To research new products that the store may wish to add to its inventory, including products originating from outside of the State of Georgia;

b. To build recognition of Boutique Guitar Exchange's name and reputation, both inside and outside of the State of Georgia; and

c. To identify, and establish and maintain relationships with potential providers and customers of Boutique Guitar Exchange products, including potential providers and customers from outside of the State of Georgia, and Boutique Guitar Exchange products that originated outside of the State of Georgia.  However, Plaintiff did not travel to customers to solicit orders or sell products.

16.

Defendants knowingly accepted the benefits of sales of store products that Plaintiff facilitated via the Internet while working on Boutique Guitar Exchange's behalf while away from store premises, including sales of products that originated outside of the State of Georgia and sales to customers outside of the State of Georgia.

17.

Plaintiff was not exempt from the minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 206, and Defendants were fully aware of this fact.

18.

Plaintiff was not exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 213, and Defendants were fully aware of this fact.

19.

During the following weeks, Plaintiff worked the following number of hours in a workweek and was not paid either minimum wage or paid at a rate of at least one and a half times the minimum wage for all hours worked over 40 as follows:

| Week starting | Total Hours Worked | Regular Hours | Overtime Hours | Regular rate of pay | Overtime premium | Minimum wage due | Overtime due | Total due |
|---|---|---|---|---|---|---|---|---|
| Mon 08/19/2013 | 36 | 36 | 0 | 7.25 | 10.88 | $261.00 | $0.00 | $261.00 |
| Mon 08/26/2013 | 42 | 40 | 2 | 7.25 | 10.88 | $290.00 | $21.75 | $311.75 |
| Mon 09/02/2013 | 42 | 40 | 2 | 7.25 | 10.88 | $290.00 | $21.75 | $311.75 |
| Mon 09/09/2013 | 37.5 | 37.5 | 0 | 7.25 | 10.88 | $271.88 | $0.00 | $271.88 |
| Mon 09/16/2013 | 37.5 | 37.5 | 0 | 7.25 | 10.88 | $271.88 | $0.00 | $271.88 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Mon 09/23/2013 | 37.5 | 37.5 | 0 | 7.25 | 10.88 | $271.88 | $0.00 | $271.88 |
| Mon 11/18/2013 | 58 | 40 | 18 | 7.25 | 10.88 | $290.00 | $195.75 | $485.75 |
| Mon 11/25/2013 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 12/02/2013 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 12/09/2013 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 02/17/2014 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 02/24/2014 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 03/17/2014 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 03/24/2014 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 03/31/2014 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| Mon 04/07/2014 | 37.5 | 37.5 | 0 | 7.25 | 10.88 | $271.88 | $0.00 | $271.88 |
| Mon 04/14/2014 | 37.5 | 37.5 | 0 | 7.25 | 10.88 | $271.88 | $0.00 | $271.88 |
| Mon 04/21/2014 | 37.5 | 37.5 | 0 | 7.25 | 10.88 | $271.88 | $0.00 | $271.88 |
| Mon 04/28/2014 | 44 | 40 | 4 | 7.25 | 10.88 | $290.00 | $43.50 | $333.50 |
| | | | | | | | | |
| | | | | | | | Total: | $6,003.00 |

20.

For the weeks in which the Plaintiff was paid on a semi-monthly salary, his regular rate of pay was $12.74 per hour. This is calculated by multiplying his semi-monthly salary of $1,104.17 times 24 pay periods in a year, then divided by 52 weeks in a year, then divided by 40 hours in a workweek. The "fluctuating

9

hours" formula does not apply to Plaintiff because the Defendants did not pay an extra amount to compensate for overtime hours for weeks in which Plaintiff worked more than 40 hours, as required by 29 CFR 778.114.  Thus, for all hours worked over 40 in a workweek, Plaintiff's overtime rate is 1.5 times his regular rate.

21.

During the following weeks, Plaintiff worked the following number of hours in a workweek and did receive a semi-monthly salary as stated in Paragraph 17, but was not compensated for his overtime hours as follows:

| Week starting | Total Hours Worked | Overtime Hours | Regular rate of pay | Overtime rate | Overtime due |
| --- | --- | --- | --- | --- | --- |
| Mon 09/30/2013 | 37.5 | 0 | 12.74 | 19.11 | $0.00 |
| Mon 10/07/2013 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 10/14/2013 | 37.5 | 0 | 12.74 | 19.11 | $0.00 |
| Mon 10/21/2013 | 37.5 | 0 | 12.74 | 19.11 | $0.00 |
| Mon 10/28/2013 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 11/04/2013 | 37.5 | 0 | 12.74 | 19.11 | $0.00 |
| Mon 11/11/2013 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 12/16/2013 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 12/23/2013 | 31 | 0 | 12.74 | 19.11 | $0.00 |
| Mon 12/30/2013 | 44 | 4 | 12.74 | 19.11 | $76.44 |

| | | | | | |
|---|---|---|---|---|---|
| Mon 01/06/2014 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 01/13/2014 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 01/20/2014 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 01/27/2014 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 02/03/2014 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 02/10/2014 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 03/03/2014 | 44 | 4 | 12.74 | 19.11 | $76.44 |
| Mon 03/10/2014 | 52.5 | 12.5 | 12.74 | 19.11 | $238.88 |
| | | | | | |
| | | | | Total: | $1,156.16 |

22.

Defendants were fully aware that they had not paid Plaintiff at least the minimum wage or overtime for the weeks listed in Paragraph 19, and such non-payment was willful.

23.

Defendants were fully aware that they had not paid Plaintiff the overtime rate for his overtime hours for the weeks listed in Paragraph 21, and such non-payment was willful.

## Count One: Violation of Minimum Wage Provisions of Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

24.

Plaintiff fully incorporates paragraphs 1-23, as if each were set forth verbatim herein.

25.

Defendants failed to pay Plaintiff the statutorily required minimum wage, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206.

26.

Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), Plaintiff is entitled to his unpaid minimum wages, as well as an additional amount equal to his unpaid minimum wages as liquidated damages. In addition, Plaintiff is entitled to the costs of this action and reasonable attorney's fees. Id.

## Count Two: Violation of Overtime Provisions of Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

27.

Plaintiff fully incorporates paragraphs 1-23, as if each were set forth verbatim herein.

28.

Defendants failed to pay Plaintiff the statutorily required overtime pay, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 207.

29.

Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), Plaintiff is entitled to his unpaid overtime compensation, as well as an additional amount equal to his unpaid overtime compensation as liquidated damages. In addition, Plaintiff is entitled to the costs of this action and reasonable attorney's fees. Id.

**WHEREFORE**, Plaintiff prays for relief against the Defendants as follows:

a. that Defendants be required to appear before this Court and answer this Complaint;
b. that Plaintiff have judgment against all Defendants for his compensatory damages of $7,159.16, plus an equal amount as liquidated damages, as provided by the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), for the total amount of $14,318.32;
c. that Plaintiff have judgment against all Defendants for all costs and attorney's fees of investigation and litigation reasonably incurred in

connection with this action, as provided by the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), in an amount to be shown at trial;

d.  that Plaintiff have a trial by jury with respect to all issues in this matter; and

e.  for all further and proper relief that this honorable Court deems just and equitable.

Respectfully submitted this 19th day of July, 2016.

By:  */s/ Christian G. Sotomayor*
Christian G. Sotomayor, Esq.
Georgia Bar No. 126426
Attorney for Plaintiff

The Sotomayor Firm, P.C.
1900 Turner McCall Blvd SW
Rome, GA 30161
(706) 235-7575 (tel.)
(706) 204-8753 (fax)
christian@sotomayorfirm.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Pursuant to LR 7.1D NDGa., the Plaintiff's counsel certifies that this Pleading has been prepared in Times New Roman 14 point, one of the fonts approved in LR 5.1C NDGa.

>                             */s/ Christian G. Sotomayor*
>                             Christian G. Sotomayor, Esq.
>                             Georgia Bar No. 126426
>                             Attorney for Plaintiff